```
                    UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF INDIANA
                          HAMMOND DIVISION

UNITED STATES OF AMERICA       )
                               )
          v.                   )     CRIMINAL NO. 2:05 CR 106
                               )
DEMETRIUS RAMOS                )
```

DETENTION ORDER AND OPINION

At the August 30, 2005 initial appearance, the government requested that the defendant, Demetrius Ramos, be held without bond.  A detention hearing was conducted on September 1, 2005, and the court now makes the following findings of fact:

1. The defendant currently is charged in a 1 count indictment with a violation of 18 U.S.C. ßß 922(g)(1), 924(a)(2), and 924(e)(1).  If convicted, the defendant faces a maximum sentence of ten years imprisonment.

2.  At the detention hearing, the government proffered evidence to supplement the indictment and the prebond report prepared by the United States Probation Department.  The defendant also proffered evidence.

3.  In June 2005, the defendant's mother contacted the Hammond Police Department about having the defendant removed from her home.  She also informed the police department that he possessed a firearm.

4.  After his arrest, the defendant gave a statement.  The defendant admitted to being a member of the Gangster Disciple street gang and that he shot into a crowd of Latin King gang members.  This shooting resulted in the death of one street gang

member and the wounding of another. The defendant indicated that he possessed the firearm because he was concerned about retaliation.

5. In the prebond report, the defendant admitted to using marijuana.

6. On July 19, 2000, the defendant was convicted of one count of reckless homicide and one count of criminal recklessness. He received an eight year prison sentence to be followed by a term of probation. On June 29, 2005, a petition to revoke the probation was filed.

7. The defendant was on probation at the time of the incidents alleged in the indictment.

8. On September 15, 2000, the defendant was convicted of criminal mischief and received a 180 day prison sentence.

9. In addition to an extensive juvenile record, the defendant has been arrested on three other occasions.

Under 18 U.S.C. ß 3142(e), a defendant may be detained as a danger to the community if he is charged with a crime of violence under Section 3142(f)(1)(A). The defendant is charged with being a felon in possession of a firearm under Section 922(g)(1). Depending upon the facts of the case, the charge of being a felon in possession of a firearm may constitute a crime of violence. *See generally* **United States v. Duran**, 407 F.3d 828, 838 n.4 (7th Cir. 2005) ("The jury is entitled to consider the legality of the possession in order to draw the inference that illegally possessed guns are more likely used for illegal purposes"); **United**

*States v. Lane*, 252 F.3d 905, 907 (7th Cir. 2001); *United States v. Vahovick*, 160 F.3d 395, 397 (7th Cir. 1998); *United States v. Chapple*, 942 F.2d 439, 441 (7th Cir. 1991).

Under the facts of this case, the defendant is not charged with a crime of violence.  Although the defendant admitted to discharging a firearm and being involved in gang activity, no evidence was introduced that the shooting occurred during the time period alleged in the indictment.  Therefore, the government is not entitled to a presumption of detention.

The government has demonstrated by clear and convincing evidence that the defendant is a danger to the community and "that no condition or combination of conditions will reasonably assure . . . the safety of . . . the community . . . ."  Section 3142(e) The defendant has a prior felony conviction for reckless homicide and was on probation during the time period alleged in the indictment.  The defendant also has an extensive record including matters in juvenile court.

The defendant was unemployed at the time of his arrest and admitted to using marijuana on a regular basis.  *See generally United States v. Raimondi*, 159 F.3d 1095, 1100 n.11 (7th Cir. 1998) (*quoting* the Policy Statement from Section 5H1.4 of the Sentencing Guideline which provides that "[s]ubstance abuse is highly correlated to an increased propensity to commit crime").

In addition to an extensive criminal background, the defendant is a member of the Gangster Disciple street gang.  *See generally United States v. Jemison*, 237 F.3d 911, 918 (7th Cir.

3

2001) ("judges and the public are not blissfully ignorant of the connection between criminal violence and street gangs").

Under all of the circumstances, it is unlikely that the Probation Department could effectively monitor the defendant if released on bond.  The government's motion for pretrial detention is **GRANTED**, and the defendant is **ORDERED HELD WITHOUT BOND**.  18 U.S.C. ß3142(e)

Pursuant to 18 U.S.C. ß3142(i), it is further **ORDERED** that:

- A. The defendant shall be committed to the custody of the Attorney General for confinement to a corrections facility separate, to the extent practicable, from persons who are confined after a conviction;

- B. The defendant shall be afforded reasonable opportunities for private consultation with his attorney; and

- C. The defendant shall be delivered to the custody of the United States Marshal when the appearance of each defendant for any court proceeding is required.

ENTERED this 9th day of September, 2005

                                s/Andrew P. Rodovich
                                United States Magistrate Judge